582

**ULMER, Trustee, Appellant, v. HONEYWELL et, Appellees.**

Ohio Appeals, Ninth District, Summit County.

No. 4303.   Decided June 4, 1952.

John A. Smith, Akron, for appellant.
Vernon Weygandt, Donald L. Mills, Akron, for appellees.

### OPINION

By HUNSICKER, PJ.

This is an appeal on questions of law.

The appellant, herein called Ulmer, became the owner of 119 lots in a subdivision allotment called Beverly Park Allotment, within the city of Akron, Summit County, Ohio. These lots were entered on the tax lists made by the county auditor of Summit County, Ohio, from year to year. Each lot was described separately and valued separately. The taxes and assessments were carried in the tax lists separately as to each lot.

The taxes on these lots became delinquent, and by proper procedure the lots were forfeited to the State of Ohio. The appellant, Ulmer, makes no complaint as to the manner or mode of the forfeiture proceedings, but admits that such forfeiture is regular in all respects.

After such forfeiture, the auditor of Summit County pub-

lished a notice, for the required length of time, that the lots so forfeited would be sold for taxes.

This notice described these lots as follows:

"J. M. Ulmer, Trustee, Beverly Park.

"188 to 201 inc. all. 208, 211 to 216 inc. all. 219 to 228 inc. all. 241 to 244 inc. all. 247 to 257 inc. all. 261, 270 to 275 inc. all. 280 to 288 inc. all. 291 to 294 inc. all. 299, 304, 322 to 330 inc. all. 335, 336, 368, 382, 383, 386, 399, 400, 401, 409, 410 to 417 inc. all. 423, 456 to 461 inc. all. 466, 474, 477, 503, 511 to 516 inc. all. 518 to 522 inc. all. 524 to 529 inc. all. 535, 536, 548, 551, 553, 554, 555, 562, 563, 564, 565 all. Val. $12,410.00. Tax $58,632.38."

Such notice also contained the following statement:

"And notice is hereby given, to all concerned, that if the taxes, assessments, penalties, interest and costs charged on said lots are not paid into the county treasury, and the treasurer's receipt produced therefor, before the respective dates hereinabove mentioned for said sale, each tract, lot and part of lot, so forfeited, on which the taxes, assessments, penalties, interest and costs remain unpaid, will be offered for sale on the respective dates hereinabove mentioned for said sale, at the Court House in said county, in order to satisfy such taxes, assessments, penalties, interest and costs, from day to day until each tract, lot and part of lot specified in said list has been disposed of, or offered for sale."

Pursuant to such notice, the county auditor of Summit County, Ohio, conducted a sale on May 16, 1950, of such lots above described. He did not offer for sale each lot, tract or part of lot, but offered all of these lots in a group, and requested bids for the lots as a group. Appellees Honeywell made a bid for the lots as so offered, and, such bid being the highest and best bid received by the county auditor, such lots as a group were sold to appellees Honeywell for the sum of $7300.

On May 18, 1950, the county auditor delivered his deed for such lots to Honeywell, who on the same day filed it for record in the office of the county recorder of Summit County, Ohio.

Appellant, Ulmer, has offered and continues his offer to return to Honeywell the amount of the purchase price paid by Honeywell for the lots, together with all taxes, assessments, penalties, costs and interest, for a return of the lots.

Ulmer insists that the sale so made to Honeywell "was void and of no effect by reason of the failure to comply with the statutes in such cases made and provided, and in the following particulars, to wit:

"1. That the list made up by the county auditor for his sale

of lots did not correspond to his tax list or duplicate, nor to his forfeiture list so used in the forfeiture proceedings, in that he collected numerous lots into groups instead of enumerating them separately as shown on the tax list kept by the auditor in his office and used by him in the forfeiture proceedings.

"2. That the county auditor did not advertise said lots as they appear in his tax duplicate, nor as they appeared in the tax forfeiture case.

"3. That the county auditor did not sell each lot, tract or part of lot separately as required of him by law.

"4. That said county auditor did not sell or offer for sale, each lot, tract or part of lot separately according to the notice of sale which he caused to be published."

Ulmer asks that, upon payment by him to Honeywell of the amounts found to be due, the deed to Honeywell be cancelled, and he be restored to all things lost by reason of the pretended sale of these lots by the county auditor.

The petition herein was filed by Ulmer on April 24, 1952, nearly two years after the sale and transfer of the lots to Honeywell.

The defendant Honeywell filed a demurrer to the petition of Ulmer, on the ground that the action by Ulmer was not brought within the time limited for the commencement of such action. The trial court sustained such demurrer, and, Ulmer not desiring to plead further, the petition was dismissed. It is from the judgment dismissing the action so filed by Ulmer that an appeal on questions of law is before this court.

Of what force and effect in the instant case is §5762-1 GC, which is the limitation-of-actions section applicable in such cases?

This court, in the unreported Summit County case of Frank T. Magennis v. Marian H. Myers, et al., No. 4241, decided February 6, 1952, said that a sale similarly advertised and conducted could be attacked by the former owner within a period of one year, and the deed of the county auditor to the purchaser at forfeiture sale cancelled. We expressly, by a supplement to such decision on February 21, 1952, said that in such case of Magennis v. Myers, et al., we were not "called upon to determine whether the one-year limitation in §5762-1 GC, would apply in similar circumstances."

We do not now recede from the position taken in that case, for we are firmly convinced our decision as applied to the facts therein is correct. We here, however, have the problem of a former owner who has waited for more than one year to bring his action to set aside the forfeiture sale made by the county auditor.

Ulmer does not say that the deed is void on its face. We must presume that, in all respects, such deed, if given by a private owner, would transfer the lots and lands it purports to transfer. Ulmer does not say that the county auditor may not sell forfeited lands, for it is admitted that he is the proper officer of the county to conduct such sales. And after forfeiture is declared, the title to such lands forfeited is in the State of Ohio.

The Supreme Court of Ohio, in the case of **Bauman v. Guckenberger, Aud., et al., 148 Oh St 292, at p. 299,** said:

"The purpose of the statutes dealing with the procedure in the sale of real property for the nonpayment of taxes and assessments thereon is to provide a means by which a state can collect money due it in an orderly manner which will protect the owner of the land and give him an opportunity to pay his taxes if he so desires. * * * After the forfeiture is declared, title rests in the state and it then becomes the duty of the state to proceed as expeditiously as possible to collect the taxes."

There is no complaint herein that Ulmer did not know of the tax delinquencies, the subsequent forfeiture, and the fact of the proposed sale.

The problem then becomes one of the force and effect of the statute on the time limitation within which an action to question the sale may be filed. No question is raised as to the right of the legislature to enact a limitation-of-actions statute. The time limit and nature of such legislative enactment rests within the sound discretion of the general assembly of Ohio.

Our examination of the enactment discloses that §5762-1 GC, was amended effective August 11, 1943, and made to read in part as follows:

"In all cases * * * no action shall be commenced nor shall **any** defense be set up to question the validity of the title * * * for **any** irregularity, informality or omission in the proceedings relative to the foreclosure or forfeiture * * *." (Emphasis ours.)

Thereafter this section was again amended by the legislature, effective September 23, 1947, and only one significant addition was made: by the inclusion of the words "or sale" after the word "forfeiture." This addition indicates clearly that, not only the proceedings relative to the foreclosure or forfeiture shall be subject to the limitation, but any irregularity in the sale should not be subject to question after the one-year period of limitation has expired.

We believe and so hold, that, by this change, the legislature intended to protect the buyer of real property at forfeiture sale from an act of the county auditor, which, if the action

586

to set aside the transfer was filed in less than one year after the sale, would otherwise (as in the case of Magennis v. Myers, supra) be subject to the right of the former owner of the forfeited lands to bring an action to set aside a sale conducted as was the one herein.

Finding as we do that, under the circumstances herein, the limitations-of-actions section (§5762-1 GC) is a bar to the suit brought by appellant, Ulmer, we affirm the judgment of the trial court.

Judgment affirmed.

DOYLE, J, STEVENS, J, concur.